UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTINA M. LANE,

    Plaintiff,

v.                           CASE No. 8:11-CV-345-T-27TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

_____

## REPORT AND RECOMMENDATION

The plaintiff in this case seeks judicial review of the denial of her claims for Social Security disability benefits and supplemental security income payments.[*] Because the decision of the Commissioner of Social Security is supported by substantial evidence and contains no reversible error, I recommend that the decision be affirmed.

I.

The plaintiff, who was twenty-four years old at the time of the administrative hearing and who graduated from high school with a special

---

[*] This matter comes before the undersigned pursuant to the Standing Order of this court dated January 5, 1998. See also Local Rule 6.01(c)(21).

diploma, has been employed as a cashier (Tr. 30-32). She filed claims for Social Security disability benefits and supplemental security income payments, alleging she became disabled due to Dandy Walker syndrome, Celiac disease, osteoporosis, asthma, dizziness, difficulties with concentration, and learning disabilities (Tr. 159). Her claims were denied initially and upon reconsideration.

At her request, the plaintiff then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of "Dandy Walker syndrome, osteoporosis, migraines and celiac disease and borderline intellectual functioning" (Tr. 15). He concluded that, with these impairments, the plaintiff can perform light work (Tr. 16). Although he determined that the plaintiff had not engaged in substantial gainful activity since the alleged onset date, the law judge found that the plaintiff could perform past relevant work as a supermarket cashier (Tr. 21). The law judge therefore ruled that the plaintiff was not disabled (Tr. 21-22). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

## II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D). The Act provides further that a claimant is not disabled if she is capable of performing her previous work. 42 U.S.C. 423(d)(2)(A), 1382c(a)(3)(B).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305

U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper

legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff attacks the law judge's decision on two related grounds. The plaintiff contends first that the law judge erred in finding that the plaintiff's allegations are not wholly consistent with the objective medical evidence. Next, the plaintiff asserts that the law judge failed to analyze the plaintiff's subjective complaints under the appropriate standard. Neither of these contentions warrants reversal.

The Eleventh Circuit has established a standard for evaluating complaints of pain and other subjective complaints. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). As the court of appeals explained in Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986), the pain standard "required evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." If the law judge determines that, under this test, there is objectively

determined medical evidence of an impairment which could reasonably be expected to produce disabling pain, the law judge "must evaluate the credibility of claimant's testimony as to pain, and must express a reasonable basis for rejecting such testimony." Hand v. Heckler, 761 F.2d 1545, 1549 n.6 (11th Cir. 1985).

Contrary to the plaintiff's assertion (Doc. 15, p. 11), the law judge in this case applied the Eleventh Circuit pain standard in evaluating the plaintiff's complaints of pain. He quoted that standard and even cited Landry v. Heckler (Tr. 17). This demonstrates that the law judge applied the proper standard. See Wilson v. Barnhart, 284 F.3d 1219, 1225-26 (11th Cir. 2002).

Significantly, the law judge did not wholly discount the plaintiff's complaints of pain. The law judge discussed the plaintiff's testimony in his decision (Tr. 17). Further, he addressed the medical evidence in detail (Tr. 17-20). After considering the plaintiff's testimony, along with the objective medical evidence, the law judge restricted the plaintiff to light work activity (Tr. 16).

Upon considering the evidence in light of the Eleventh Circuit pain standard, the law judge found "that the claimant's medically

determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity" (Tr. 17). In addition, the law judge gave a thorough explanation for declining to fully credit the plaintiff's subjective complaints. Specifically, the law judge stated (Tr. 20-21):

> Based upon a complete review of all the evidence of record, I find that the claimant's allegations are not wholly consistent with the objective medical evidence. For example, in November 2004, the claimant complained of dizziness, headaches and pressure on the side of the head. A MRI found a Dandy-Walker malformation cyst (Exhibit 8F). In order to relieve pressure inside the brain, in December 2004, a shunt was installed to drain fluids (Exhibit 6F). Although the claimant continued to report headaches, the shunt was found to be functioning normally. A CAT scan in January 2005, September 2005, November 2006 and March 2008 showed the shunt to be in good position and working properly (Exhibit 9F). Neurologically, the claimant was found intact with no signs of coordination problems or cerebellar findings, she was able to walk on her heels and on her toes, her strength was normal, her gait was normal, there were no motor, sensory or reflex abnormalities and no evidence of muscle wasting or atrophy (Exhibits 9F, 11F & 17F).

The claimant also complained of abdominal pain over the years, but all testing such as abdominal series, small bowel series and HIDA scan were all normal. An EGD showed mild gastritis for which Nexium was prescribed with good results (Exhibit 2F, 4F, 5F, 21F & 25F). She has also a history of celiac disease controlled with diet and medication and asthma under relatively good control with medication (See e.g., Exhibit 6F, 19F, 20F, 27F, 28F & 30F). She also has a history of accommodative esotropia and wears glasses to keep her eyes straight. Vision reported by Dr. Hess in September 2006 indicated visual acuity of 20/20 with no significant occular condition (Exhibit 13F). Additionally, while the claimant has been diagnosed with arthritis secondary to a positive ANA there is no evidence of an underlying connective tissue disease or inflammatory arthritis and no evidence of synovitis, no Raynaud's phenomenon, no sclerodactyly and no malar rash (Exhibit 10F & 31F).

The claimant also has a comparatively low full scale IQ. She however was able to attend school in special education with her grades ranging from A's to C's. She graduated from high school with a special diploma and no significant problems were reported during her school years (Exhibit 1F). A consultative examiner noted some difficulty with expressive language and some transient problems with concentration. Her judgment was fair and there was no depression and anxiety noted (Exhibit 8F). Regardless, of her low IQ, the claimant has been able to engage in work activity since she graduated from high school. In this work, she engages with the general public, makes change,

> bags groceries (but does not carry them to the car)
> and can drive herself to and from work and follow
> a schedule.

This explanation fairly addresses the evidence in the record. Moreover, it provides a reasonable basis for discounting the plaintiff's subjective complaints. See Heppell-Libsansky v. Commissioner of Social Security, 170 Fed. Appx. 693, 699 (11th Cir. 2006).

The plaintiff argues that "there are objective causes for the symptoms she complains of that render her unable to perform substantial gainful activity" (Doc. 15, p. 10). However, as reflected in the quotation from the law judge's decision, the law judge recognized that there are objective causes for the plaintiff's symptoms. He concluded, nevertheless, that "the claimant's allegations are not wholly consistent with the objective medical evidence" (Tr. 20). Accordingly, the law judge found that, while the plaintiff's symptoms restricted her ability to work, she was still capable of performing light work. The plaintiff has not adequately challenged that finding by demonstrating that the evidence compels a determination that the plaintiff is totally disabled. See Adefemi v. Ashcroft, supra.

In this respect, the plaintiff must show that she had functional limitations from her conditions that were not included in the law judge's determination of her residual functional capacity. Thus, "a diagnosis or a mere showing of 'a deviation from purely medical standards of bodily perfection or normality' is insufficient; instead, the claimant must show the effect of the impairment on her ability to work." Wind v. Barnhart, 133 Fed. Appx. 684, 690 (11th Cir. 2005) (quoting McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986)). In other words, it is the functional limitations that determine disability. Moore v. Barnhart, 405 F.3d 1208, 1213 n. 6 (11th Cir. 2005); McCruter v. Bowen, supra. Here, the plaintiff makes no effort to show how her impairments create a specific functional limitation greater than the law judge's residual functional capacity finding. To the contrary, the plaintiff acknowledges that "[n]o doctor has placed limitations on her," adding that "[s]he functions fairly well considering her impairments" (Doc. 15, p. 9).

The plaintiff asserts that "[t]he claimant is not obligated to have her complaints supported by objective medical evidence" (Doc. 15, p. 11). That assertion is mistaken. The Eleventh Circuit case cited for that proposition, Wiggins v. Schweiker, 679 F.2d 1390 (11th Cir. 1982), was

decided before the adoption of the current regulations, and the articulation of the Eleventh Circuit's pain standard. The regulations now expressly provide that the "statements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence ... would lead to a conclusion that you are disabled." 20 C.F.R. 404.1529(a), 416.929(a). Accordingly, as the Commissioner points out, the Eleventh Circuit has held that subjective complaints alone are insufficient to establish a disability. Edwards v. Sullivan, 937 F.2d 580, 584 (11th Cir. 1991).

The plaintiff asserts that, consistent with the pain standard, there is evidence of an underlying medical condition and that the objectively determined medical condition could be reasonably expected to give rise to the alleged symptoms (Doc. 15, pp. 11-12). The law judge did not disagree. In fact, he specifically found that "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms" (Tr. 17). However, contrary to what the plaintiff seems to think, the law

judge's finding does not establish that the plaintiff is totally disabled. That finding, rather, merely raises the question of the credibility of the plaintiff's subjective complaints. And, as previously shown, the law judge reasonably concluded that the plaintiff's subjective complaints "are not credible to the extent they are inconsistent with the ... residual functional capacity" (id.).

Finally, the plaintiff contends a form dated June 11, 2007, from Dr. Alan A. Smith, the plaintiff's primary care physician, indicates that her pain is "reasonably expected of the objectively determined medical condition" (Doc. 15, p. 12). Dr. Smith stated that the plaintiff suffers from celiac disease and migraines, and the plaintiff's abdominal pains are "reasonable and are related to the celiac disease" (Tr. 688). He also said that the plaintiff suffers from severe migraines that are caused by "vascular dilation due to idiopathic etiology" (id.). Dr. Smith stated that the plaintiff told him that, when these conditions occur, she is prevented from doing any activity, including simple repetitive tasks (id.).

The law judge's discussion of the evidence included this statement (Tr. 19-20). Moreover, the law judge expressly evaluated this statement and discounted it. Thus, the law judge pointed out that the "report

consists only of the allegations of the claimant" (Tr. 21), which, as indicated, the law judge found not wholly credible. The law judge noted that the doctor himself did "not state that the claimant is disabled or unable to engage in work activity" (id.).

Notably, the plaintiff did not challenge the law judge's assessment of Dr. Smith's statement. Under the scheduling Order, the plaintiff was required to "identify with particularity the discrete grounds upon which the administrative decision is being challenged" and to support such challenges "by citations to the record of the pertinent facts and by citations of the governing legal standards" (Doc. 12, p. 2). In light of the failure to comply with these requirements with respect to Dr. Smith's statement, any challenge to the law judge's handling of Dr. Smith's statement is waived. Under these circumstances, Dr. Smith's statement does not support a challenge to the law judge's credibility determination.

IV.

For these reasons, the decision of the Commissioner is supported by substantial evidence. The law judge properly applied the Eleventh Circuit pain standard, and based on that standard, made a reasonable decision to

discount the plaintiff's subjective complaints, articulating, in detail, the contrary evidence as his reasons for doing so. I, therefore, recommend that the decision be affirmed.

>                             Respectfully submitted,
>
>                             _____
>                             THOMAS G. WILSON
>                             UNITED STATES MAGISTRATE JUDGE

DATED: JANUARY 12, 2012

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).